IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MYRTICE JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 08-0572-CG-M |
| THE CITY OF PRICHARD, et al., | ) |
| Defendants. | ) |

# ORDER

This matter is before the court on plaintiff's motion to certify orders for immediate appeal and for stay pending appeal (Doc. 69). Plaintiff seeks to appeal the court's granting of summary judgment against her on all but one cause of action, and to stay the trial of the remaining cause of action pending outcome of the interlocutory appeal.

Title 28, United States Code, Section 1292(b) provides

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

See also, Rule 54(b), Federal Rules of Civil Procedure.

The statute and rule thus require that before an order disposing of less than all issues in a

1

case be appealable, the district court must find both 1) that the order involves a controlling question of law as to which there is substantial ground for difference of opinion **and** 2) than an immediate appeal from that order may materially advance the ultimate termination of the litigation.

In this case, the court is unable to make both of these findings, for it is clear that an interlocutory appeal in will not materially advance the ultimate termination of the litigation. First, this case is set for jury trial on the sole remaining issue within the next several weeks. Jury selection is to take place one week from today, with the one-day trial scheduled for the following week. An immediate appeal would not eliminate the need for the trial; indeed, a trial will most likely occur on the remaining issue in this action regardless of the outcome of any interlocutory appeal. Further, the relief plaintiff ultimately seeks – an appellate order vacating this court's order and remanding the matter back to the district court – would serve to add, and not eliminate issues for disposition at trial. An interlocutory appeal on the eve of trial of the one remaining issue can hardly be seen as advancing the ultimate termination of the litigation. Indeed, once trial on the remaining issue takes place, final judgment can be entered, and an appeal taken on all issues involved in the case, thus avoiding the necessity of two appeals.

Accordingly, the motion for certification of an immediate appeal is **DENIED.** The case remains set for jury selection on March 1, 2011.

**DONE** and **ORDERED** this 22nd day of February, 2010.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE